WINDMULLER and others v. ROBERTSON.

*(Circuit Court, S. D. New York. May 8, 1885.)*

1. CUSTOMS DUTIES—BEANS—ACT OF MARCH 3, 1883.
   All ordinary beans are subject to a duty of 10 per cent. 22 St. at Large, 488, 517, 520.

2. SAME—VERDICT—MISTAKE AS TO AMOUNT.
   In an action to recover excessive duties, where the jury, by mistake in calculating the amount of duties illegally exacted, render a verdict for too large an amount, such verdict may be sustained on remitting the excess, and a new trial refused.

At Law.

*Henry E. Tremaine,* for plaintiffs.

*Sam'l B. Clarke,* for defendant.

WHEELER, J. This is a suit to recover back duties exacted under the act of March 3, 1883, (22 St. at Large, 488,) upon importations of beans. Under this act, drugs, barks, beans, etc., not edible and in a crude state, (517,) and plants, trees, shrubs, and vines of all kinds not otherwise provided for, and seeds of all kinds, except medicinal seeds, not specially enumerated or provided for, (520,) are free; and vegetables, in their natural state, or in salt or brine, not specially enumerated or provided for, are, in Schedule G, under the head of provisions, made subject to a duty of 10 per centum, (504;) and garden seeds, except seed of the sugar beet, are made subject to a duty of 20 per centum. A duty of 20 per centum as for garden seeds was exacted. The importers protested that the beans were free as seeds, or subject to a duty of 10 per centum only. The jury, under instructions, found that the beans were neither garden seeds, nor seeds in the sense of the statute, and returned a verdict for the excess above 10 per centum. The principal question now is as to the correctness of this finding.

Beans are vegetables, and are mentioned as examples of such in Webster's Dictionary. They are raised for food, and properly fall under the head of provisions. They are not specially enumerated or provided for anywhere in the act, unless they are under the general name of "seeds" or "garden seeds." A few only of all that are raised are used for seed. They are not commonly spoken of as seeds, but are known as an article of food by their name of beans. Those not edible are free by the other provision of the act. If that division had not been intended for the purpose of leaving those edible dutiable with other provisions, it would be useless. The fair meaning of all these provisions of this act seems to be to make all ordinary beans dutiable at 10 per cent. The verdict, being in accordance with this view, appears to be right as to this question.

The payment of 20 per cent., for which the verdict was rendered, was not made until after this suit was brought, but this fact was not made known, and no question which it would affect was raised at the trial; but, by an apparent mistake in computation, the verdict was for $715.29, when the excess actually paid, with interest, amounted to only $571.50. The defendant insists that the verdict should be set aside unless the plaintiffs remit the excess; and that then it should be, unless the recovery would be a bar to any future recovery for the same payments. Of course the excess should be remitted or the verdict set aside. The plaintiffs do not claim to the contrary of this. And it is the former recovery, not the recovery upon any particular form of pleading, or order or regularity of procedure, that satisfies the right of recovery and constitutes the bar. No error was committed at the trial in this respect, and this irregularity, if one, furnishes no ground for a new trial.

On the filing of a remitter of $143.79 within 10 days, let judgment be entered on the verdict for the balance; and on failure to file such remitter within that time, let an order be entered setting aside the verdict.